# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## MIAMI DIVISION

| | |
|---|---|
| K.C. COASTAL, LLC, a Florida limited liability company, | |
| Plaintiff, | Case No. _____ |
| v. | |
| J&M UNDERGROUND ENGINEERING CORP., a Florida corporation, and JOHN DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff K.C. Coastal, LLC ("KC Coastal") hereby brings this action against Defendants J&M Underground Engineering Corp. ("J&M") and John Does 1-10 ("Doe Defendants") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for design patent infringement, violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, unfair competition, and tortious interference with advantageous business relationships arising from Defendants willful, deliberate, and intentional copying of KC Coastal's unique, non-functional, and ornamental design for a concrete barrier; from deceptive, dishonest, and disparaging statements that Defendants have made about KC Coastal, its design patent, and its products; and from Defendants efforts to unfairly compete with KC Coastal. By this action, KC Coastal seeks to put a stop to Defendants' illegal conduct and to obtain compensation for the injuries Defendants have caused KC Coastal thus far.

1

## THE PARTIES

2. Plaintiff KC Costal is a Florida limited liability company with a principal place of business at 811 US 41 North, Ruskin, Florida 33570.

3. Upon information and belief, Defendant J&M is a Florida corporation with a principal place of business at 14031 SW 143rd Court, Suite 2, Miami, Florida 33186.

4. Upon information and belief, the Doe Defendants are involved with J&M and/or the improper activities alleged herein, but KC Coastal is not fully informed regarding their involvement and has therefore sued them under the fictitious names. KC Coastal will amend its Complaint to allege the true names, capacities, and residences of the Doe Defendants when their involvement is ascertained.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 1338(a) over the claims in this action that relate to design patent infringement, which are claims that arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and has supplemental jurisdiction under 28 U.S.C. § 1367 over the claims that arise under Florida law.

6. Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Florida Long Arm Statute.

7. Upon information and belief, personal jurisdiction is proper over Defendants because they reside in or are incorporated in Florida; they are engaged in substantial and not isolated activity within the State of Florida and this judicial district, within the meaning of Fla. Stat. §48.193(2); they have operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and this judicial district, from which this action arises, within the meaning of Fla. Stat. §48.193(2); they have maintained an office or agency in the State of Florida

and this judicial district, within the meaning of Fla. Stat. §48.193(2); and/or they have committed tortious acts within the State of Florida and this judicial district, including the design patent infringement, deceptive and unfair trade practices, unfair competition, and tortious interference with advantageous business relationships set forth herein, within the meaning of Fla. Stat. §48.193(2).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a), (b) and 1391(b), (c). Defendants reside in or are incorporated in Florida and this judicial district, have committed acts of infringement in this judicial district and have a regular and established place of business in this judicial district, and are subject to personal jurisdiction in this judicial district and/or a substantial part of the events, acts, or omissions giving rise to the claims alleged herein occurred in or are being committed in this judicial district.

## FACTUAL BACKGROUND

9. KC Coastal has been in the concrete business since 2017. From small residential projects to large commercial ones, KC Coastal specialize in delivering high-quality concrete products and services via a team made up of experienced professionals who are dedicated to providing excellent workmanship and exceptional customer service.

10. KC Coastal's President Braian Craciun recognized a problem at construction sites and began developing a design for a concrete barrier to be placed in front of crucial utility lines, such as water, sewer, gas, electric, and more, to act as a robust shield to protect the utility lines from damage caused by heavy equipment or vehicles. Mr. Craciun sought to develop more than just a barrier with physical utility – he wanted to create an attractive design that would look good and that could be used for other purposes (e.g., customizable to include builder's branding, colors, logos, etc.).

11. On August 1, 2023, United States Patent No. D994,144 ("144 Patent"), entitled "Concrete Barrier," was duly and legally issued to Mr. Craciun. KC Coastal has acquired and duly owns all right, title, and interest in this patent, including the right to sue and recover for infringement and to collect damages. A copy of the 144 Patent is attached hereto as Exhibit 1.

12. The 144 Patent discloses and claims a unique, non-functional ornamental design for a concrete barrier, which is shown from multiple perspectives, including in Figures 1 and 7 reproduced below (the object represented in broken lines is not claimed):



FIG. 1    FIG. 7

13. KC Coastal's has its own product, called the Utility Blox™, that embodies the 144 Patent. An example of KC Coastal's Utility Blox™ product is shown below. The version on the left shows the default yellow and black Utility Blox™ branding and the version on the right shows a customized version of the Utility Blox™ with the blue and white branding of a customer applied.

4




14.     KC Coastal's Utility Blox™ product has been highly successful. Developers and builders from around the United States have sought out the Utility Blox™ because of its unique design and the aesthetic it creates. For example, the picture below shows Utility Blox™ design protected by the 144 Patent in use in a new community being built in Florida.



15. Upon information and belief, Defendants became aware of KC Coastal's Utility Blox™ product and, seeking to capitalize on its commercial success, deliberately copied its design. Defendants' copying is so complete that their design has the exact same dimensions as KC Coastal's Utility Blox™. The photograph below shows an example of Defendants' accused design (hereinafter with any similar designs, the "Accused Design").



16. Defendants, without authorization or license from KC Coastal, have directly infringed and induced infringement of the 144 Patent, and continue to directly infringe and induce infringement, by making, using, offering to sell, selling, renting/leasing, and/or importing products covered by the 144 Patent, by supplying infringing products to others, and/or by causing others make or supply infringing products.

17. Defendants' Accused Design infringes the 144 Patent because, as shown by the side-by-side comparison below, the Accused Design is substantially similar to the design protected by the 144 Patent. An ordinary observer would be deceived by the resemblance into mistaking one design for the other.



18.     On March 6, 2025, KC Coastal notified J&M of J&M's infringement of the 144 Patent and requested that J&M, and those working with J&M such as the Doe Defendants,

immediately cease and desist all infringing activity, remove Defendants' Accused Design from all constructions sites, and agree not to resume the infringing activity. *See* Exhibit 2 hereto.

19. After receipt of the aforementioned letter, Defendants refused to halt their infringing activity. To the contrary, Defendants – with full knowledge of the 144 Patent and their infringement – have continued to infringe the 144 Patent and have increased their unlawful efforts to market, sell, and rent/lease Defendants' Accused Design in competition with KC Coastal.

20. Upon information and belief, Defendants also have engaged in unfair and deceptive trade practices and made false statements of fact to third parties about KC Coastal, the Utility Blox™ product, and the 144 Patent. For example, Defendants have falsely told actual and potential customers of KC Coastal that the 144 Patent is invalid, that the 144 Patent is not enforceable, that KC Coastal's Utility Blox™ product is not covered by the 144 Patent, that KC Coastal's Utility Blox™ product is falsely marked with the 144 Patent, that Defendants' Accused Design does not infringe the 144 Patent, and that consumers are free to use Defendants' Accused Design notwithstanding the 144 Patent. Defendants also wrongfully copied the design of KC Coastal's Utility Blox™ product that is protected by the 144 Patent and have falsely passed off Defendants' Accused Design as being their own.

21. Defendants' unfair and deceptive acts and dishonest statements have misled consumers about the validity and enforceability of the 144 Patent, the legitimacy of KC Coastal's Utility Blox™ product, KC Coastal's credibility, and the origin of Defendants' Accused Design. Defendants' wrongful acts, falsehoods, and disparaging statements also have caused KC Coastal to lose business by misleading and deceiving actual and potential consumers and by diverting sales away from KC Coastal to Defendants.

**COUNT I**
**Infringement of the 144 Patent**

22. KC Coastal incorporates paragraphs 1 to 21 herein by reference.

23. After an examination process, the United States Patent and Trademark Office duly and legally issued the 144 Patent on August 1, 2023. The 144 Patent is presumed to be valid under 35 U.S.C. § 282.

24. Defendants directly infringe the 144 Patent, literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, renting/leasing, and/or importing products covered by the 144 Patent, including the Accused Design.

25. Upon information and belief, Defendants induce their suppliers, subcontractors, customers, and other third parties to infringe the 144 Patent under 35 U.S.C. § 271(b) by, for example, causing them to make, use, offer to sell, sell, rent/lease, and/or import products covered by the 144 Patent, including the Accused Design.

26. KC Coastal has complied with the notice requirements of 35 U.S.C. § 287. In addition, Defendants have been on actual notice of their infringement of the 144 Patent since at least as early as receipt of KC Coastal's March 6, 2025 letter.

27. Defendants received KC Coastal's March 6, 2025 letter, but Defendants have refused to stop their infringement. Upon information and belief, Defendants intend to continue their infringing activities.

28. Defendants do not have a license for the 144 Patent and have not been authorized by KC Coastal to use the design protected by the 144 Patent.

29. Defendants' infringement of the 144 Patent has been willful and/or in reckless disregard of the 144 Patent.

30. KC Coastal has suffered and is continuing to suffer damages because of Defendants' infringement of the 144 Patent. In addition, KC Coastal has no adequate remedy at law in that it will continue to suffer severe and irreparable harm unless this Court issues a preliminary and permanent injunction prohibiting Defendants, their affiliates, and their respective directors, officers, employees, suppliers, subcontractors, agents, representatives, and all others acting in active concert therewith from infringing the 144 Patent.

## COUNT II
### Florida Deceptive and Unfair Trade Practices Act – Fla. Stat. 501.201, *et seq.*

31. KC Coastal incorporates paragraphs 1 to 21 herein by reference.

32. Defendants have willfully, deliberately, and intentionally engaged in deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* For example, Defendants have misled and continue to mislead consumers about the validity and enforceability of the 144 Patent, the legitimacy of KC Coastal's Utility Blox™ product, whether the Utility Blox™ is covered by the 144 Patent, whether the Utility Blox™ is properly marked with the 144 Patent, KC Coastal's credibility, the origin of Defendants' Accused Design, and whether consumers are free to use Defendants' Accused Design notwithstanding the 144 Patent.

33. Defendants have used and continue to use their deceptive and unfair trade practices and false statements of fact to unfairly compete with KC Coastal, to confuse and mislead customers, to steal business from KC Coastal, to actually interfere with and attempt to interfere with KC Coastal's business relationships with its actual and potential customers, and to unlawfully induce actual and potential consumers into purchasing Defendants' Accused Design and/or other products and services instead of KC Coastal's patented Utility Blox™ product and/or related products and services.

34. In addition, consumers have been and will continue to be harmed because Defendants' deceptive and unfair trade practices and misstatements have wrongfully impacted consumer purchasing decisions and other conduct. This harm to consumers includes injury to KC Coastal's customers, as those customers also have a right to be free from false and/or misleading misrepresentations in connection with their purchasing decisions.

35. KC Coastal has suffered and is continuing to suffer damages because of Defendants' deceptive and unfair trade practices, including lost profits, diverted sales, reduced market share, price erosion, and the weakening of KC Coastal's public perception and goodwill. In addition, KC Coastal has no adequate remedy at law in that it will continue to suffer severe and irreparable harm unless this Court issues a preliminary and permanent injunction prohibiting Defendants, their affiliates, and their respective directors, officers, employees, suppliers, subcontractors, agents, representatives, and all others acting in active concert therewith from violating the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*

### COUNT III
### Unfair Competition Under Florida Law

36. KC Coastal incorporates paragraphs 1 to 21 herein by reference.

37. Defendants have willfully, deliberately, and intentionally engaged in unfair competition under Florida common law. For example, Defendants have misled and continue to mislead consumers about the validity and enforceability of the 144 Patent, the legitimacy of KC Coastal's Utility Blox™ product, whether the Utility Blox™ is covered by the 144 Patent, whether the Utility Blox™ is properly marked with the 144 Patent, KC Coastal's credibility, the origin of Defendants' Accused Design, and whether consumers are free to use Defendants' Accused Design notwithstanding the 144 Patent.

38. KC Coastal and Defendants compete for a common pool of customers. Defendants' deceptive conduct and dishonest statements have caused and will continue to cause a likelihood of confusion within that common pool of consumers. For example, Defendants' unlawful acts have mislead customers, caused KC Coastal to lose sales, diverted business to Defendants, and interfered with consumer purchasing decisions and other consumer conduct.

39. KC Coastal has suffered and is continuing to suffer damages because of Defendants' unfair competition, including lost profits, diverted sales, reduced market share, price erosion, and the weakening of KC Coastal's public perception and goodwill. In addition, KC Coastal has no adequate remedy at law in that it will continue to suffer severe and irreparable harm unless this Court issues a preliminary and permanent injunction prohibiting Defendants, their affiliates, and their respective directors, officers, employees, suppliers, subcontractors, agents, representatives, and all others acting in active concert therewith from engaging in unfair competition.

**COUNT IV**
**Tortious Interference with Advantageous Business Relationships Under Florida Law**

40. KC Coastal incorporates paragraphs 1 to 21 herein by reference.

41. KC Coastal has established and valuable business relationships with prospective customers who seek, or are likely to have a need for, concrete barriers and related products and/or services. These customers either previously transacted business with KC Coastal or expressed an interest in transacting business with KC Coastal in the future. As a result, KC Coastal enjoyed advantageous business relationships with these customers, which carried the probability of future economic benefit to KC Coastal.

42. Defendants are direct competitors of KC Coastal and have knowledge of KC Coastal's existing and prospective business relationships, including those with customers seeking, or likely to need, concrete barriers and related products and/or services.

43. Defendants knowingly and intentionally interfered with KC Coastal's existing and prospective business relationships by improper methods and means without justification, including by making false and misleading statements of fact and by engaging in deceptive conduct as a means of driving KC Coastal's existing and prospective customers to cease use of, reduce their use of, and/or avoid buying KC Coastal's Utility Blox$^{TM}$ product and related products and/or services.

44. KC Coastal has suffered and is continuing to suffer damages because of Defendants' tortious interference with KC Coastal's existing and prospective business relationships, including lost profits and diverted sales. In addition, KC Coastal has no adequate remedy at law in that it will continue to suffer severe and irreparable harm unless this Court issues a preliminary and permanent injunction prohibiting Defendants, their affiliates, and their respective directors, officers, employees, suppliers, subcontractors, agents, representatives, and all others acting in active concert therewith from engaging in tortious interference with KC Coastal's advantageous business relationships.

## PRAYER FOR RELIEF

WHEREFORE, KC Coastal respectfully requests the following relief:

1. A judgment in favor of KC Coastal and against Defendants on all counts;

2. A judgment that Defendants have infringed the 144 Patent, violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, engaged in acts of unfair

competition in violation of Florida common law, and engaged in acts of tortious interference with KC Coastal's advantageous business relationships in violation of the common law of Florida;

    3.    Find that Defendants' infringement of the 144 Patent, violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*, unfair competition, and tortious interference with KC Coastal's advantageous business relationships was willful, intentional, and malicious;

    4.    Preliminarily and permanently enjoin Defendants, their affiliates, and their respective directors, officers, employees, suppliers, subcontractors, agents, representatives, and all others acting in active concert therewith from further acts of infringement of the 144 Patent, deceptive and unfair trade practices, unfair competition, and tortious interference with KC Coastal's advantageous business relationships;

    5.    Order Defendants to collect and deliver up for destruction all Accused Designs (including all molds and other materials used to make the Accused Designs) and to certify under oath their compliance with this destruction order;

    6.    Award damages to KC Coastal in amount to be proven at trial, including all available damages for design patent infringement, deceptive and unfair trade practices, unfair competition, and tortious interference with advantageous business relationships, damages adequate to compensate KC Coastal for design patent infringement under 35 U.S.C. § 284 and 289 including KC Coastal's lost profits or a reasonable royalty , Defendants' entire profit made due to the design patent infringement under 35 U.S.C. § 289, and/or any other actual, consequential, or compensatory damages that are available;

7. Award enhanced, exemplary, treble, and/or punitive damages as appropriate, including for willful patent infringement under 35 U.S.C. § 284 and/or for tortious interference with KC Coastal's advantageous business relationships;

8. Declare that this is an exceptional case under 35 U.S.C. § 285;

9. Award KC Coastal its reasonable attorney fees and costs, including under 35 U.S.C. § 285 and the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. 501.201 *et seq.*;

10. Pre- and post-judgment interest; and

11. Such other and further relief as the Court may deem to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff KC Coastal hereby demands a trial by jury on all issues so triable.

Dated: May 6, 2025

Respectfully submitted,

By: */s/ Joseph R. Englander*
Joseph R. Englander
Florida Bar No. 935565
LEWIS BRISBOIS BISGAARD & SMITH LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Ph 954.728.1280
joseph.englander@lewisbrisbois.com

Joshua D. Curry
Florida Bar No. 36925
LEWIS BRISBOIS BISGAARD & SMITH LLP
600 Peachtree Street NE, Suite 4700
Atlanta, Georgia 30308
Ph 404.348.8585
josh.curry@lewisbrisbois.com

*Attorneys for Plaintiff K.C. Coastal, LLC*

## VERIFICATION

I, Braian Craciun, declare under penalty of perjury under the laws of the United States of America, that the factual portions of the foregoing Verified Complaint are true and correct based on my own personal knowledge or knowledge and information provided to me as President of Plaintiff K.C. Coastal, LLC, or, where so indicated, that I believe such to be true.

Dated: May __6__, 2025

_____
Braian Craciun, President
K.C. Coastal, LLC